Argued and submitted June 20, reversed and remanded December 6, 2000

# John B. COCHRAN, Ph.D.,
*Petitioner,*

*v.*

# BOARD OF PSYCHOLOGIST EXAMINERS,
*Respondent.*

(CA A107069)

15 P3d 576

J. Michael Alexander argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, P.C.

Kevin Shuba, Assistant Attorney General, argued the cause for respondent. On the brief was Charles L. Best.

Before Edmonds, Presiding Judge, and Armstrong* and Kistler, Judges.

_____

* Armstrong, J., *vice* Warren, S. J.

KISTLER, J.

## KISTLER, J.

The Board of Psychologist Examiners reprimanded petitioner for testifying about a defendant's level of intelligence during a criminal trial. Petitioner seeks review of the Board's order. We reverse and remand.

John Ackroyd was a suspect in the disappearance of one young woman and had been a suspect in the disappearance of another woman approximately 20 years earlier. Petitioner is a licensed psychologist. At the request of the Linn County Sheriff's Office, petitioner helped the police interview Ackroyd about the more recent disappearance. The interview lasted approximately an hour. During the interview, Ackroyd made statements concerning the disappearance of the first woman.[1]

■ In the early 1990s, prosecutors discovered new physical evidence about the disappearance of the first woman. That evidence, when linked to statements that Ackroyd had made, strengthened the case against him for the murder of the first woman, and the state charged Ackroyd with her murder. During opening statements in Ackroyd's criminal trial, defense counsel attempted to explain his client's statements by arguing, for the first time, that his client was "mentally slow and of limited intelligence." The state responded by calling petitioner to address that issue. Petitioner first explained that he had not been acting in his capacity as a psychologist when he interviewed Ackroyd and had done no testing. The prosecutor then asked, "Did [Ackroyd], in any way, appear to you to be of an intelligence, low enough intelligence, where he couldn't handle the interview process?" Petitioner answered:

> "No, I thought he handled the interview very well, and in terms of his intellectual function, he did well in terms of his responses. Some were long, detailed, complex responses. They were always logical and appropriate, and he was able to handle stress very well. Indicated that he tended to be a person who I would rank, at least, in the low average to

---

[1] Although petitioner is a licensed psychologist, he did not conduct the interview in that capacity, nor did he anticipate that he would later be called as an expert witness to testify about Ackroyd.

average range of intelligence. He had good abilities to be able to handle himself in that particular environment."

The Board of Psychologist Examiners ruled that petitioner's testimony violated its code of conduct.[2] It reasoned:

"While a psychologist under other circumstances may ethically be able to estimate a person's range of intelligence, a psychologist cannot testify to a person's range of intelligence with the degree of certainty implicit in [petitioner's] testimony based solely on an interview and without conducting testing of any kind."

It is unclear whether the Board believed that petitioner could offer no opinion on Ackroyd's range of intelligence or whether he could not do so unless he "warn[ed] the court or the participants to the proceeding that an interview such as he conducted with Mr. Ackroyd does not provide enough information for a psychologist to make [*sic*] a reliable, professional opinion regarding a person's range of intelligence."

In either event, the Board's decision rests on the premise that a psychologist cannot offer the opinion petitioner did without more information. The Board's opinion, however, does not identify the standard it employed in reaching that conclusion, nor does it set out the evidence in the record that supports its conclusion. *See Cochran v. Board of Psychologist Examiners (A105672)*, 171 Or App 311, 15 P3d 73 (2000). Indeed, as petitioner argues, there appears to be no expert evidence in the record from which the Board could conclude that a psychologist must have more information than petitioner had before he offered his opinion. It may be that the Board relied on its members' understanding of the practice of psychology to say that more information is necessary. An agency, however, may not " 'use its special knowledge as a substitute for evidence presented at a hearing.' " *Drew v. PSRB*, 322 Or 491, 498, 909 P2d 1211 (1996) (quoting and adopting a statement from *Rolfe v. Psychiatric Security Review Board*, 53 Or App 941, 951, 633 P2d 846, *rev den* 292

---

[2] Specifically, the Board found that petitioner violated Principles 1.f, 4.g, and 8.c of the Ethical Principles of Psychologists. *See* OAR 858-10-075 (1989).

Or 334 (1981)). The Board's order does not satisfy the test of either substantial reason or substantial evidence.

Reversed and remanded.